[Cite as *State v. Syed*, 2023-Ohio-2154.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 30414 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| ADAM M. SYED | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 20 05 1260 |

DECISION AND JOURNAL ENTRY

Dated: June 28, 2023

HENSAL, Judge.

{¶1}   Adam Syed appeals the denial of his motion to suppress by the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}   According to Detective Jason Kline, the Sheriff's Office began surveilling a house owned by Mr. Syed after neighbors complained of numerous cars coming and going from it.  After confirming an abnormal amount of traffic at the house, including short-term traffic at various times of the night, a patrol unit stopped one of the vehicles leaving the house for a registration violation. While speaking to the driver of the vehicle, the patrol officer learned that she had been playing cards at the house and won $500.00.

{¶3}   According to the detective, the following day, the same patrol unit responded to a domestic disturbance report at a gas station and discovered that one of the people involved in the disturbance was the woman they had stopped the previous day.  The woman indicated that she was

coming from the same house, where she had been gambling. The other person involved in the disturbance also indicated that he had been at the house gambling. The man and woman each described the interior of the house, which included numerous slot machines. The woman admitted that she had not won $500.00 playing cards as she previously had reported but had won it from one of the slot machines. She also said that her winnings had been paid to her in cash.

{¶4} Based on the information gathered by the Sheriff's Office, including the statements of the man and woman, Detective Kline prepared a search warrant and completed an affidavit for a search warrant. Detective Kline testified that, although he brought the search warrant to a judge on May 9, 2020, and the affidavit contained information that law enforcement had only learned about on May 9, 2020, the judge who signed the search warrant incorrectly dated it May 8, 2020. The detective also testified that, although the search warrant was executed on May 9, 2020, he incorrectly typed in the return of search warrant that he had received and executed the warrant on May 8.

{¶5} Following the search of the house, the Grand Jury indicted Mr. Syed for gambling and operating a gambling house. Mr. Syed moved to suppress the evidence found during the search, arguing that the warrant was not based on probable cause and that the warrant did not allow the search to be conducted until May 12, 2020. Following a hearing, the trial court denied the motion to suppress. Mr. Syed subsequently pleaded no contest to the gambling offense, and the trial court sentenced him to community control. Mr. Syed has appealed the denial of his motion to suppress, assigning two errors.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT IN ERROR DENIED APPELLANT'S MOTION TO
SUPPRESS ALL EVIDENCE AS A RESULT OF THE SEARCH TAKEN BY

COMMAND [OF] SEARCH WARRANT ON 1268 BEECHNUT DRIVE, GREEN, OHIO, AND/OR THERE DID NOT EXIST SUFFICIENT PROBABLE CAUSE TO JUSTIFY ISSUANCE OF A SEARCH WARRANT BASED ON 1) FAILURE OF INDICIA OF RELIABILITY OF THE INFORMANT AND/OR 2) THE AFFIDAVIT IS SO LACKING IN INDICIA OF PROBABLE CAUSE AS TO RENDER OFFICIAL BELIEF IN ITS EXISTENCE ENTIRELY UNREASONABLE AND/OR 3) FAILURE OF RELIABILITY OF THE MATERIAL TO THE PROBABLITY OF EVIDENCE OF CRIME AND/OR 4) THE AFFIDAVIT IS SO DEFICIENT THAT THE TRIAL COURT DID NOT HAVE SUBSTANTIAL BASIS TO FIND PROBABLE CAUSE.

{¶6} In his first assignment of error, Mr. Syed argues that the trial court incorrectly denied his motion to suppress. In particular, he argues that the search of his house was unreasonable because probable cause did not exist to support the issuance of a warrant. A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. "When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *Id.*, citing *State v. Mills*, 62 Ohio St.3d 357, 366 (1992). Thus, a reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997). Accordingly, this Court grants deference to the trial court's findings of fact but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. *State v. Booth*, 151 Ohio App.3d 635, 2003-Ohio-829, ¶ 12 (9th Dist.).

{¶7} A search warrant may only be issued "'upon probable cause,' meaning only when the affidavit supporting the warrant establishes a 'fair probability that contraband or evidence of a crime will be found in a particular place.'" *State v. Schubert*, __ Ohio St.3d __, 2022-Ohio-4604,

¶ 11, quoting *Illinois v. Gates*, 462 U.S. 213, 236-239 (1983).  On appeal, the duty of this Court is to ensure that the magistrate had a substantial basis for concluding that probable cause existed.  *Id*.  "[E]ven though the existence of probable cause is a legal question[,] * * * a warrant should be upheld when the issuing judicial officer had a substantial basis for believing that probable cause existed, regardless of what the reviewing court's independent determination regarding probable cause might be."  *Id*.  "[T]rial and appellate courts should accord great deference to the magistrate's determination of probable cause, and doubtful or marginal cases in this area should be resolved in favor of upholding the warrant."  *State v. George*, 45 Ohio St.3d 325 (1989), paragraph two of the syllabus.

{¶8}    Mr. Syed argues that the affidavit that the officer submitted in support of the search warrant lacked any indicia of probable cause.  He argues that the affidavit contains allegations from an informant that she won money playing cards that are not supported by any information that would indicate the veracity of the allegations or the basis of the informant's knowledge.  Citing Revised Code Section 2915.02, Mr. Syed argues that it is not illegal to play poker at a home as long as no one profits from hosting the game.  He also argues that the affidavit does not indicate that the informant was paid her winnings in cash.  Mr. Syed further argues that playing with slot machines at someone's home is no different than a group of friends playing a game of pinball for money.

{¶9}    The detective's affidavit for the search warrant stated that he had been employed as a deputy sheriff for 25 years and listed his education.  He stated that the Sheriff's Office had conducted surveillance of the house after receiving complaints about the amount of short-term traffic at the house and vehicles parked in the street.  Surveillance revealed a large number of vehicles coming and going from the house, including 20 vehicles on May 7, 2020.  After one of

the vehicles leaving the house was stopped, the driver was found in possession of $500.00 in cash, which was in new twenty-dollar bills. The driver reported that she had won the money playing cards at the house.

**{¶10}** The affidavit also stated that, on May 9, 2020, the Sheriff's Office received an emergency call for service, with the caller reporting that a companion had threatened violence against the caller. After responding to the call, a detective interviewed the caller, who was the person that had been stopped leaving the house on May 7, 2020. During the interview, the caller indicated that the house is a gambling house with gambling machines on the first floor. The caller had been gambling at the house for the past week and had left the house that day after losing $500.00 in cash. According to the caller, there were usually 10-13 other gamblers inside the house. The house was equipped with a security guard and a video surveillance system. The caller had only been on the first floor of the house and had only seen gambling machines but had observed several hundred dollars being gambled.

**{¶11}** According to the affidavit, the detective also spoke to the caller's companion, separately from the caller. The companion reported that he had been to the house two times within the past seven days and had been gambling at the house on that day, winning $60.00 in cash. The companion also reported that there were gaming machines on the first floor of the house. The affidavit further stated that Mr. Syed had a career criminal history for operating a gambling house and possessing criminal tools. Based on those facts, the detective alleged that he had reason to believe that Mr. Syed was operating an illegal gambling operation from the house and that there would be evidence of gambling, machines, and gambling paraphernalia in the house that could be used in a criminal investigation.

{¶12} Upon review of the detective's affidavit, we conclude that it provided the magistrate with a substantial basis for concluding that probable cause existed. *Schubert*, __ Ohio St.3d __, 2022-Ohio-4604, at ¶ 11. Under Section 2915.02(A)(2), "[n]o person shall * * * establish, promote, or operate any game of chance conducted for profit or any scheme of chance[.]" Two informants, whose identity was known to law enforcement, separately indicated that gambling was occurring at the house and that there were gaming machines on the first floor of the house. Their statements to the detective created a fair probability that contraband or evidence of a crime would be found within the house. We, therefore, conclude that the trial court did not err when it denied Mr. Syed's motion to suppress. Mr. Syed's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE WARRANT WAS IMPROPERLY SERVED AND EXECUTED AGAINST APPELLANT ON MAY 8, 2020, AND NOT THREE DAYS FROM 5/12/2020 AS SET FORTH IN THE WARRANT.

{¶13} In his second assignment of error, Mr. Syed argues that the warrant was executed too early. According to Mr. Syed, the warrant indicated that it had to be served and executed within three days of May 12, 2020. Instead, it was served and executed on May 8, 2020, or May 9, 2020, if the detective was correct about misdating the search warrant return.

{¶14} Upon review of the record, we conclude that Mr. Syed has misread the search warrant. The warrant commanded law enforcement "to search * * * for the above listed items * * * on or before * * * 05-12-2020[.]" The search warrant form also contained a note that the "search by" date could not "exceed three days from the issuance of this order[.]" Whether the search warrant was signed and executed on May 8, 2020, or May 9, 2020, it is not disputed that the search occurred "on or before" May 12, 2020. We, therefore, conclude that Mr. Syed has not established

that the search warrant was improperly served and executed. Mr. Syed's second assignment of error is overruled.

III.

**{¶15}** Mr. Syed's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SUTTON, P. J.
CARR, J.
CONCUR.


APPEARANCES:

TONY DALAYANIS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.